IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHRYN CALLAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-0281-CV-W-HFS |
| ) | |
| UNIVERSITY OF CENTRAL MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This is an age discrimination action brought by Kathryn Callahan, a professor at the University of Central Missouri. Pending before the court is the University's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. 9) The University contends that Callahan's action should be dismissed for failure to exhaust her administrative remedies as required by the Age Discrimination in Employment Act and the Missouri Human Rights Act. Also pending is the parties' joint motion to amend scheduling order. (Doc. 19).

In considering a motion to dismiss, this court follows the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint is liberally construed in the light most favorable to plaintiff, and this court must accept the facts alleged in the complaint as true. Id.

Title VII requires a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC or a state or local agency with authority to seek relief. Richter v.

Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012) (pet. for cert. filed) (Jan. 8, 2013)(No. 11-2570) (citing 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)).  Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.  Richter, 686 F.3d at 850.   To exhaust administrative remedies an individual must: timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and receive notice of the right to sue.  Tart v. Hill Behan Lumber Co., 31 F.3d 668, 672 (8th Cir. 1994).  Although an EEOC charge need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court it must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim.  Fair v. Norris, 480 F.3d 865, 867 n.2 (8th Cir. 2007).   The court deems administrative remedies exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge.  Tart, 31 F.3d at 668.  Thus, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination.  Id. at 671-72.

In addition, because persons filing charges with the EEOC typically lack legal training, EEOC charges are interpreted "with the utmost liberality" so as not to frustrate the remedial purpose of the EEOC.  Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988).  It is the employer's burden to prove lack of exhaustion and any doubt on the issue is resolved in the employee's favor.  See Williams v Target Stores, 479 Fed. Appx. 26, 2012 WL 2849517 (8th Cir. 2012)(per curiam).

Callahan's charge of Discrimination filed with the EEOC, attached to her complaint filed in this court, shows that she checked the boxes indicating discrimination based on age and retaliation.  She also stated:

> I was hired by Respondent on or about 8/84 and I am currently employed as a Professor.
> The Department has favored individuals younger than 40 with respect to hire, job assignment, and other terms and conditions of employment. I believe I have been encouraged to retire.
> After I complained of age discrimination, I have been retaliated against in the terms and conditions of my employment.
> I believe this is discrimination against me because of my age, 63, in violation of the Age Discrimination in Employment Act and retaliation against me for opposing acts made unlawful under the Act.

After receiving her right to sue letter from the EEOC and the Missouri Commission on Human Rights, Callahan filed suit on March 6, 2012. In her complaint, Callahan details approximately nineteen specific instances of discrimination, including allegations that the University, among other things, discriminated against her by: paying her less than younger, less experienced professors; assigning course classes; reducing her professional development allocation; excluding her from curriculum meetings; and subjecting her to academic restraints. (Doc. 1). She also alleged unequal application of University benefits and she made specific allegations sounding in harassment or a hostile work environment, alleging that she had been excluded from meetings, called "honey" and "mentally ill," had her trash searched, and had items removed from her office. Callahan's complaint brought two counts against the University - age discrimination in violation of 42 U.S.C. 2000 (Title VII)[1] and unlawful discrimination in violation of Mo. Rev. Stat. Section 213. (Doc. 1).

---

[1] Although not raised by the University, this Court notes an inconsistency in Callahan's complaint. The first count of Callahan's complaint is titled "Violation of 42 U.S.C. § 2000 (Title VII), " however, Callahan later pleads that the University's acts constitute a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. (Doc. 1)

3

The University responded with this motion to dismiss, arguing that dismissal is appropriate because Callahan has failed to exhaust her administrative remedies. See 42 U.S.C. § 2000e-5(b), ( c), (e); Mo. Rev. Stat. §§ 213.075 and 213.111(1) (2011). The University contends that Callahan's case is controlled by the decision of the Eighth Circuit in Faibisch v University of Minnesota, 304 F.3d 797 (8th Cir. 2002), and that Callahan's conclusory allegations in her EEOC charge cannot satisfy the exhaustion requirements of the Age Discrimination in Employment Act and the Missouri Human Rights Act.[2] The University contends that Callahan's charge to the EEOC only complained about age discrimination as far as "hiring, job assignment and other terms and condition of employment," and that her complaint goes much farther to include claims of age discrimination concerning pay, benefits, discipline, evaluations, exclusion from meetings, decision making, and harassment. The University contends that Callahan's reference to "job assignment" in her EEOC charge is "broad and conclusory" and cannot serve as requisite notice of her claims. Finally, the University adds that the only two allegations which might be exhausted are those related to Callahan's job assignment and those allegations are time-barred. The University provided an affidavit that the University's denial of her summer teaching position and removal as fashion coordinator occurred more than 300 days before the filing of her charge. In Faibisch, the plaintiff, a legally blind woman, filed an EEOC charge, the substance of which was based on her disability and her employer's failure to accommodate her disability. Id. at 799. Her EEOC charge checked the box indicating sex discrimination, however, and stated that she was "treated with hostility and adversely, impacting the terms and conditions of her employment due to her gender/female." Id. at 803. She sued her employer for disability discrimination and sex discrimination. The Eighth Circuit affirmed the district court's dismissal of the sex discrimination

---

[2] Neither party suggests that a different analysis applies to Callahan's claim under Missouri law. It appears that the exhaustion analysis is the same. See Richter, 686 F.3d at 853-54.

claim for failure to exhaust. Recognizing that the employee's statement of sex discrimination followed a particularized account of disability-based discrimination, the court held that an employee may not rely also on a conclusory statement of sex discrimination in her EEOC charge and then file suit "on whatever facts or legal theory she may later decide upon." Id.

Callahan does not dispute that her federal court complaint includes more specific allegations of discrimination than appear in her EEOC charge. She contends, however, that the allegations are like or reasonably related to the substance of her EEOC charge, and therefore, the exhaustion requirement is met. For support, Callahan cites Anderson v. Block, 807 F.2d 145, 148 (8th Cir 1986), and Wentz v. Maryland Casualty Co. 869 F.2d 1153, 1154 (8th Cir 1989).[3]

It is true that Callahan's EEOC charge need not specifically articulate her precise claim or set forth the evidence she will later present in court. See Arnold v. St. Louis Metro. Police Dep't., 2013 WL 147843 (E.D. Mo. Jan. 14, 2013). Her EEOC charge is terse, stating only that "the Department had favored individuals younger than 40 with respect to hire, job assignment and other terms and conditions of employment [and that she had] been encouraged to retire." Her federal court complaint lists many allegations unlike and unrelated to hiring and job assignment, the only allegations which are included, very generally, in her EEOC charge, unless one stretches the retirement suggestion into a general claim of harassment because of age. For example, Callahan alleges that the University paid her less than younger, less experienced, professors and discriminated against her by reducing her professional development allocation. She also alleges that she was excluded from meetings, subjected to academic restraints, and that her

---

[3] Neither of these cases support Callahan's suggestion that the exhaustion requirement is satisfied based on an EEOC charge like the one at issue here. In addition, the Eighth Circuit has limited some of the teaching of these two cases in Wedow v City of Kansas City, 442 F.3d 661 (8th Cir 2006). Although Wedow discussed retaliation claims, it noted the impact of Morgan on the "reasonably related" inquiry. 442 F.3d at 672-73.

5

trash had been searched, she had been called names, and had items removed from her office. Assuming these allegations support Callahan's claims, she failed to allege them or anything similar to them in her EEOC charge. See Arnold, 2012 WL 147843 at *4-5 (similar allegations not exhausted). Her administrative charge does not refer to discrimination as far as her pay or benefits. It contains no suggestion in any way similar to the harassment contentions she alleges in her federal court complaint. Representative cases finding charges insufficient for exhaustion purposes are Govan v. Missouri Dep't of Corrections, 2006 WL 83489 (E.D. Mo. Jan. 12, 2006) and Moore v. The Boeing Co., 2004 WL 3202777 (E.D. Mo. Mar. 31, 2004).

Callahan's brief in opposition to the University's motion to dismiss suggests that her claims of age discrimination and retaliation are "ongoing and continuing," hinting that Callahan is bringing a suit based on the "continuing violation doctrine," or alleging age discrimination based on a hostile work environment or age-based harassment. See Morgan, 536 U.S. at 2067 (comparing exhaustion requirement for claims based on hostile work environment and claims based on discrete acts of discrimination). The weakness in this argument is that Callahan's administrative charge does not reflect any examples of a hostile work environment or harassment claim, other than the wholly unrelated retirement suggestions.[4] See, e.g., Kells v. Sinclair-Buick-GMC Truck Co., 210 F.3d 827 (8th Cir. 2000), abrogated on other grounds, Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (EEOC charge stating that employee had been removed from his position due to disability and actions were taken in an effort to force him to resign did not exhaust administrative remedies for suit based on harassment).

---

[4] I am satisfied that mentioning one possible category of harassment does not give notice of other wholly different contentions. Just as Faibisch established that "terms and conditions" complaints are entirely inadequate to identify problematic factual scenarios, entirely different activities are outside the scope of the retirement suggestion claims. Compare Arnold, supra at p. 5. A single suggestion of retirement even if considered inappropriate falls far short of a sufficient claim of harassment because of age.

6

Reading Callahan's administrative charge liberally, the only general allegation that may be exhausted is her claim with respect to her job assignment. The University provides an affidavit that her removal as fashion coordinator and summer teaching assignment occurred more than 300 days before she filed her EEOC charge and therefore the University argues those claims are time-barred. Callahan's complaint also includes an allegation that she was "removed from teaching and has been assigned a Special Projects contract." This allegation is like or reasonably related to the statement in her EEOC charge that she was subject to age discrimination based on her job assignment, and therefore, she may have satisfied the exhaustion requirement with respect to this narrow claim.

The additional problem, however, is that Callahan's complaint combines all of her factual allegations and her claims for relief making it impossible for this court to fairly assess which allegations in her complaint may be exhausted and which are likely not. Indeed, Callahan references age discrimination and retaliation, but she does not plead the claims as separate counts under either the ADEA or Missouri law. See also Mo Rev Stat. § 213.055.1(1)(a) (age discrimination); Mo. Rev. Stat. § 213.070(2) (retaliation).

For these reasons, this court will dismiss Plaintiff's claims, without prejudice, and afford plaintiff twenty-one days to replead her claims in a manner consistent with this ruling - that is, limited to job assignments and asserting a separate retaliation claim if job assignments are involved. See Renfrow v. Sanborn Map Co., 2011 WL 1102834 (E.D. Mo. 2011) (affording similar relief and suggesting that plaintiff allege specific counts that correspond to her claims of discrimination). Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, in part. (Doc. 9). Plaintiff is granted Twenty-one days from the date of this order to file an amended complaint. It

7

Case 4:12-cv-00281-HFS   Document 21   Filed 03/04/13   Page 7 of 8

is further

       ORDERED that the parties Joint Motion to Amend the Scheduling Order is GRANTED. (Doc 19). SO ORDERED.

                                                 /s/ Howard F. Sachs
                                                 HOWARD F. SACHS
                                                 UNITED STATES DISTRICT JUDGE

March   4  , 2013

Kansas City, Missouri